.(15 Misc. Rep. 479.)

### KLINKOWSTEIN v. GREENBERG.

,(City Court of New York, General Term. January 28, 1896.)

;REPLEVIN—BOND FOR REDELIVERY OF CHATTELS.
     Code Civ. Proc. § 1700, provides that, on receipt by the sheriff of the affidavit, etc., he must take into possession the chattels described in the affidavit. Section 1706 provides that defendant, by giving a proper undertaking, may compel the sheriff to redeliver a chattel. Held th' t, where chattels not specified in the affidavit referred to in section 1700 are seized, defendant's remedy is not by giving a bond for the redelivery of such chattel, but he should proceed against the sheriff as a trespasser.

Appeal from special term.

Action by Alexander Klinkowstein against Samuel Greenberg. From an order approving defendant's counter bond, plaintiff appeals. Reversed.

Argued before FITZSIMONS and CONLAN, JJ,

A. H. Berrick, for appellant.

Jacob Barnett, for respondent.

CONLAN, J. This is an appeal from an order approving an undertaking or counter bond on the part of the defendant, in an action of replevin, to prevent the delivery of chattels to the plaintiff. A careful reading of the undertaking satisfies us that the defendant has mistaken his remedy. Section 1700 of the Code of Civil Procedure provides that, upon the receipt by the sheriff of the affidavit, undertaking, and requisition in replevin, he must take into his possession the chattels described in the affidavit. Section 1704 provides how the defendant may rebond the chattels from the sheriff; and upon the approval of a proper undertaking by the court, the sheriff (section 1706) is compelled to redeliver the chattels to the defendant. It will be observed, however, that these sections only apply to chattels or property described in plaintiff's affidavit, and for the obvious reason that the sheriff is limited in his official action to the requisitions contained in the process he has to execute. .

The undertaking given by the defendant on his claim for redelivery is as follows:

"Whereas, the plaintiff in this action has claimed the delivery to him of certain chattels, specified in the affidavit made on behalf of the plaintiff for that purpose, of the alleged value of $331.20, and has caused certain other property not mentioned in said affidavit, of the value of $325, to be replevied by the sheriff of the city and county of New York, pursuant to chapter 14 of the Code of Civil Procedure, but as the same has not yet been delivered to the plaintiff; and whereas, the defendant is desirous of having the said chattels so replevied returned to him: Now, therefore, we, the undersigned, Davis Hitner, of No. 18 Suffolk St., of the city of New York, and Solomon Bluck, of 190 Stanton street, in the city of New York, in consideration of the premises, pursuant to the statute in such cases made and provided, do hereby jointly and severally undertake and become bound to the plaintiff in the sum of

$670 for the delivery of the said chattels described in said affidavit of the plaintiff, if delivery thereof be adjudged, or if the action abates in consequence of the defendant's death, and for the payment to him of any sum which the judgment awards against the defendant."

The undertaking does not recite that any part of the property described in plaintiff's affidavit was taken by the sheriff, but that other and different property was replevied, and that the defendant desires a return of the property so replevied. The obligation of the sureties is to the effect that they undertake to become bound to the plaintiff in a certain sum for the delivery of the chattels described in the affidavit of the plaintiff, if delivery thereof be adjudged. The sureties assume no obligation, except for the property described in the plaintiff's affidavit; and as it is not claimed, in the undertaking, that any chattels so described were taken, the obligation of the sureties is therefore void, and the order of approval of the sufficiency of the sureties, who have assumed no binding obligation, is nugatory and of no effect. Upon the face of the papers before us, the defendant's remedy would seem to be against the sheriff as a wrongdoer, rather than under the Code, which presupposes the sheriff to have kept within the scope of his official duties.

The order appealed from should be reversed, with costs, without prejudice to any application the defendant may make to correct the undertaking.